| 93 | 243 |
| 93 | 456 |
| 93 | 243 |
| 100 | 640 |
| 93 | 243 |
| 110 | 797 |

CASE 39—PETITION EQUITY—MAY 28.

# Kentucky and Indiana Bridge Company v. Krieger, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. RAILROAD COMPANY ENJOINED FROM MAKING UP TRAINS ON STREET —RIGHT OF COURT TO LIMIT NUMBER OF TRAINS.—While a railroad company may be enjoined from purposely stopping, switching or making up trains on a public street, as that is not a legitimate use of the street, a court has no power to prescribe, as a condition precedent of the occupation and use of a public street by a railway company under legislative authority, the number of freight trains that may pass over its road.   Whenever any person has been hindered or obstructed by the unreasonable use by the company of its road, the remedy may be afforded if applied for, but a hard condition can not be put upon the business of the company in anticipation of an injury to abutting property owners, that may never occur.

2. AN ORDER CONFINING A RAILROAD COMPANY TO A SINGLE TRACK upon a particular street was proper, there being nothing to show any necessity for a double track.

3. JUDGMENT PRESCRIBING GAUGE OF ROAD.—The company can not complain that the judgment prescribes that the road shall be of a certain gauge, when the gauge prescribed is the one the company intended to adopt.

4. COURT MAY PRESCRIBE MODE OF LAYING DOWN RAILS.—As the particular mode of laying down the rails prescribed in the judgment was intended to secure, as far as practicable, safe passage of vehicles over the defendant's track, and it does not appear that compliance therewith will hinder the free and safe movement of defendant's trains, it can not complain of that part of the judgment.

BULLITT & SHEILD, E. F. TRABUE FOR APPELLANT.

HELM & BRUCE FOR APPELLEES.

Briefs withdrawn.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellees, Krieger, owner, and Eisman Bros. & Co., lessees, of a lot in Louisville, situated between Four-

teenth and Fifteenth streets, and extending from Portland avenue to Duncan street, on which was an elevator and mill, brought this action November 4, 1886, for an injunction, which was granted, restraining appellant, the Kentucky and Indiana Bridge Company, from tearing up Portland avenue, between Fourteenth and Fifteenth streets, and laying any railway track or tracks thereon, till further order of court.

November 26th, the injunction was, by order of court, modified to the extent of permitting appellant to lay a single-track railway in the center of said avenue, and in front of the lot of appellee, Krieger, in the specific manner discribed in the order, so as to be no obstruction to passage of wagons or other like vehicles. The order contained the following condition:

"This modification is made on the condition that freight cars shall not be run in front of plaintiff's property more than twice, for and by each road passing over said track, during business hours of the day; and the said defendant is restrained and enjoined from allowing freight trains to run in front of plaintiff's property more than twice, for each road using said track, during the business hours of the day; and for a violation of this order the court reserves the right to order the removal of said track."

June 15, 1887, the case being submitted for trial, judgment was rendered perpetuating the judgment as modified. However, June 27th, a motion was made for new trial, which was not disposed of until January 11, 1888. But though the motion was then in terms sustained, and the judgment of June 15th set aside, it was again substantially rendered and entered, except that right was.

reserved for appellant to apply to the court for further modification of the injunction; and in exercise of that right, appellant, May 4, 1888, moved the court to modify the judgment of January 11th, perpetuating the injunction, by striking therefrom the restriction as to the number of freight trains passing in front of appellee's property during business hours of each day, and asked leave to take additional testimony in support of the motion. But, October 24, 1888, the chancellor decided that he had then no power to modify the judgment, except upon facts arising subsequent to rendition of it; and the evidence of such facts being insufficient, the motion was overruled.

We have referred in detail to the various orders and judgments made in this case, because counsel for appellee contends the chancellor had no power, under the Civil Code, to entertain the motion made May 4, 1888, to modify the judgment of January 11, 1888, which was final in its nature and effect. Whether that position is tenable we need not consider, however, because according to the statement required by section 739 to be filed with the transcript, the judgments of June 15, 1887, and January 11, 1888, are appealed from, their being no appeal at all from the judgment or order of October 24, 1888; consequently, we can not revise the latter, nor consider any evidence taken in support of the motion of May 4, 1888. But it sufficiently appears otherwise that appellant was empowered by its charter to construct and operate with steam a railway from its bridge over the Ohio river to and upon Portland avenue, by consent of the general council of Louisville, which had, by ordinance, been given before commencement of this action. It further

appears that two or more railroad companies had made
contracts with appellant for use of its bridge in moving
their trains from north side of the river to Louisville,
and that the most acceptable, if not only practicable,
route from the bridge to respective yards or depots of
these companies is along Portland avenue, between Four-
teenth and Fifteenth streets.

One of the conditions of the use of that street, pre-
scribed in the judgment, is, that the road shall be of a
certain gauge; but as that gauge is the one intended by
appellant to be adopted, we do not see how it has been
injured.

The particular mode of laying down the rails, pre-
scribed in the judgment, was intended to secure, as far
as practicable, safe passage over appellant's track of
vehicles owned and used by others; and as it does not
appear compliance therewith will, in any degree, hinder
free and safe movement of appellant's trains, it can not
justly complain of that part of the judgment which
simply requires it to so use its own as not to hurt others.
The main question is, whether the chancellor properly
restricted appellant in respect to the number of freight
trains that may pass in front of appellee's property dur-
ing business hours of each day.

As early as the case of Lexington & Ohio Railroad
Company v. Applegate, 8 Dana, 289, a railroad, operated by
steam power within a city, was recognized as entirely
consistent with the purposes for which a street may be
properly used; and when authorized by municipal power,
conferred by the Legislature, it is not an encroachment
upon the public property or individual rights, because
neither the local public or proprietor of an abutting lot

has any right or property in a street, or any other legal interest in it than that which is common to all the people. And such may be now considered the settled doctrine of this State, having been often and uniformly affirmed and applied since that case was decided. In fact, the judgment of the lower court, permitting appellant to lay down a single track and operate its road upon Portland avenue, amounts to a distinct recognition of the doctrine and could not be upheld otherwise.

As, then, both State and municipal authority was given to appellant to construct and operate its road upon Portland avenue, and the judgment necessarily and logically involved right of appellant to occupy and use the street jointly and in common with others, arbitrary restrictions or conditions of the exercise of such right can not be justified; but restrictions must be imposed in such case, if at all, only for the purpose and to the extent of preventing the exclusion by a railroad company, or unreasonable hinderance, of others from the proper use or enjoyment of the street, who have an equal right to such use and enjoyment. The right of appellant to occupy and use the street for transaction of its particular business being conceded, there would seem to be no more power in a court to arbitrarily prescribe the precise number of freight trains it may move over its track, during the business hours of a day, than to fix upon the number of wagons appellee may have driven from Duncan street, through his building, onto and across Portland avenue, during the same period.

No other lot-owner on Portland avenue, between Fourteenth and Fifteenth streets, besides appellee, Krieger, has sought to prevent construction, or to restrict opera-

tion of appellant's road; and, consequently, the effect of limiting the number of trains is simply to defer to what the evidence in this case shows to be altogether unreasonable and useless exaction on the part of appellee. Unquestionably, there would be a remedy against an unreasonable obstruction or hinderance of others using the street for their business by reason of too frequent passage of trains; but as a state of case has not been shown by this record, making a restriction upon appellant as to the number of cars it may move over its track necessary or proper, we think the judgment was, in that respect, erroneous. Whenever appellee, or any other person, has been hindered or obstructed by the unreasonable use by appellant of its road, the remedy may be afforded if applied for; but a restriction or hard condition can not be justly put upon the business of appellant in anticipation of a wrong or injury to appellee that may never occur. While, therefore, a railroad company may be enjoined from purposely stopping, switching or making up trains on a public street, which is not legitimate use of the street, and besides unnecessarily and improperly obstructs the business and endangers personal safety of others, a court has no power to prescribe, as a condition precedent to the occupation and use of a public street by a railroad company, the number of freight trains that may pass over its road, for that would be an unreasonable obstruction of its business; nor in any case to control its business in that respect, except when frequent passage of trains operates to exclude others from use of the street, or unreasonably obstructs them in its use.

The evidence in this case does not show any necessity for a double track on Portland avenue, which is only

forty feet between curb stones; in fact, the testimony of appellant's engineer shows the contrary, and the court did not err in confining appellant to a single track.

But, for the error indicated, the judgment is reversed and cause remanded for proceedings consistent with this opinion.